# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GARY A. NEWCOMB,
             *Plaintiff-Appellant,*

v.

MICHAEL V. HAYDEN, Lieutenant
General, Director National Security
Agency,

             *Defendant-Appellee.*

No. 00-2554

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-99-3051-AMD)

Submitted: May 31, 2001

Decided: June 25, 2001

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Gary A. Newcomb, Appellant Pro Se. Tawana Elaine Davis, OFFICE
OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Gary A. Newcomb appeals the district court's order granting summary judgment to Newcomb's former employer on his claim filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2000). We have reviewed the record and the district court's opinion and find no reversible error. Although we conclude that Newcomb established a prima facie case of discrimination, he failed to rebut the legitimate, non-discriminatory reason proffered by the employer for its decision to promote several women and not to promote Newcomb. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 959-60 (4th Cir. 1996); *Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994). Specifically, the employer justified its actions by asserting that the employees who were promoted had better management and interpersonal skills than Newcomb. Newcomb presented no evidence, other than his own assessment of his qualifications, to establish that the employer's proffered reason for its decision was a pretext for discrimination; his self-assessment is simply insufficient to carry the day. *Evans*, 80 F.3d at 960-61. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*